# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

---

CRAIG R. MACMILLAN,

                                        Plaintiff,

                                                            DECISION AND ORDER

                    -vs-

                                                            13-CV-6647-CJS

WEGMANS FOOD MARKET, INC.,

                                        Defendant.

---

## APPEARANCES

For Plaintiff:          Heidi W. Feinberg, Esq.
                        45 Exchange Blvd., Suite 623
                        Rochester, NY 14614
                        (585) 563-4744

For Defendant:          Luke Wright, Esq.
                        Harter, Secrest & Emery LLP
                        1600 Bausch & Lomb Place
                        Rochester, NY 14614
                        (585) 232-6500

## INTRODUCTION

**Siragusa, J.** This employment discrimination case is before the Court on a motion to dismiss pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(5) filed on August 21, 2014, by defendant Wegmans Food Market, Inc. ("Wegmans"), ECF No. 9. For the reasons stated below, the Court grants the application and dismisses the complaint for failure of service within the proper time limitations.

## PROCEDURAL HISTORY

Plaintiff Craig R. MacMillan ("MacMillan") commenced this lawsuit on December 9, 2013, by filing a hand written *pro se* complaint using the Court's *pro se* form, and a contemporaneous motion for *in forma pauperis*. The complaint and motion were filed by MacMillan's counsel who did not sign the complaint. *See* Fed. R. Civ. P. 11(a) ("every pleading . . . must be signed by at least one attorney of record in the attorney's name. . . ."). The complaint alleges employment discrimination under several theories all commencing on March 18, 2013, the date of his termination from Wegmans' employment. Compl. ¶ 7. The Court denied MacMillan's motion for *in forma pauperis* status in an order filed on December 23, 2013, ECF No. 5. Plaintiff paid the filing fee on January 21, 2014, ECF No. 6, and the Clerk issued a summons on February 14, 2014, ECF No. 7.

Wegmans filed its application to dismiss on August 25, 2014, asserting that it had not been properly served within the 120-day time limitation of Rule 4(m) and that "without any apparent good cause, colorable excuse, or request to the Court for an extension of time—Plaintiff waited 235 days, until July 31, 2014, to serve Defendant with process." Wegmans' Mem. of Law 1.

In her affidavit in response to Wegmans' motion, MacMillan's counsel candidly admitted that she miscalculated the time for service by starting to count from the date the summons was issued, not the date the complaint was filed. Feinberg Decl. ¶ 9. Consequently, counsel thought she had until June 14, 2014, to serve Wegmans. Even with the miscalculation, counsel waited until May 2, 2014, to send Wegmans a "Notice of Lawsuit and Request for Waiver of Service of Summons." Feinberg Decl. Ex. A. Wegmans did not respond to the request for waiver, and MacMillan's counsel then ar-

ranged for personal service on July 31, 2014. Pursuant to Rule 4(m), service was due within 120 days of December 9, 2013, or by April 8, 2014.

## STANDARDS OF LAW

Pursuant to Rule 4(m):

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). A district court also has discretion to enlarge the 120-day period for service in the absence of good cause. *Green v. Unwin*, 563 Fed. Appx. 7 (2d Cir. Apr. 15, 2014) (citation omitted).

Pursuant to Rule 12(b)(5), a defendant may move to dismiss for a plaintiff's failure to comply with Federal Rule of Civil Procedure 4's requirements for service of process. In analyzing a motion under this section, the Court must look to the service requirements of Rule 4, which in this case, are as follows:

> (h) **Serving a Corporation, Partnership, or Association**. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant. . . .
>
> (e) **Serving an Individual Within a Judicial District of the United States**. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—

may be served in a judicial district of the United States by:

**(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. . . .

Fed. R. Civ. P. 4(h) & (e)(1).

## ANALYSIS

MacMillan's counsel has not made a showing of good cause. She has essentially plead that her failure to properly calculate the time for service, along with extenuating factors concerning her pregnancy and complications, as well as her employee's departure, caused service to be well beyond the 120-day limit. In that regard, the Court finds the Court of Appeals' decision in *Counter Terrorist Group US v. N.Y. Magazine*, 374 Fed. Appx. 233, 235 (2d Cir. 2010) to be instructive. In that case, the Second Circuit determined that miscalculating the time for service was not good cause. The situation is similar here, in that the attorney failed to heed the clear language of Rule 4(m) requiring that a defendant be "served within 120 days after the complaint is filed. . . ."

Turing to the Court's discretionary power to extend the time for service, MacMillan's counsel lays a great deal of the cause for her law office failure on "a collection of errors stemming from [her] medical leave from [her] practice and other administrative office failures." Feinberg Decl. ¶ 6. She points out that because of her pregnancy, she was placed on bed rest and hospitalized as of February 14, 2014, at the same time the summons were issued by the Clerk. She remained in hospital until early April 2014, at which time her husband was then hospitalized. *Id.* ¶ 7. She did not return to her practice until September 8, 2014. *Id.*

While the Court is sympathetic to counsel's medical condition, and pleased that counsel's child was successfully delivered, it finds that counsel fails to make a colorable

justification for her failure to effect timely service, or request an extension of time before the expiration of the 120-day period. Therefore, the Court is unpersuaded that it should grant an extension as a matter of discretion.

When determining whether an extension is appropriate in the absence of good cause, a court should consider: "(1) whether the statute of limitations would bar the re-filed action; (2) whether the defendant had attempted to conceal the defect in service; (3) whether the defendant had actual notice of the claims asserted in the complaint; and (4) whether the defendant would be prejudiced by the granting of plaintiff's relief from the provision." *Feingold v. Hankin,* 269 F. Supp. 2d 268, 277 (S.D.N.Y. 2003). Further, "although actual notice does not in itself satisfy the demands of Rule 4, . . . the court may consider actual notice in determining whether to exercise its discretion to extend the time in which the Plaintiff may effect service." *Id.* (citation omitted). "A plaintiff's knowing failure to file an extension within the 120–day period, however, can weigh against a finding of good cause." *Diaz-Rivera v. Supermercados Econo Inc.*, No. 12-1925(FAB), 2014 WL 1911422, 2 (D. Puerto Rico May 14, 2014). When addressing the issue of prejudice, the Second Circuit in *Zapata v. City of New York*, 502 F.3d 192 (2d Cir. 2007), stated:

> It is obvious that any defendant would be harmed by a generous extension of the service period beyond the limitations period for the action, especially if the defendant had no actual notice of the existence of the complaint until the service period had expired; and it is equally obvious that any plaintiff would suffer by having the complaint dismissed with prejudice on technical grounds—this is no less true where the technical default was the result of pure neglect on the plaintiff's part. But in the absence of good cause, no weighing of the prejudices between the two parties can ignore that the situation is the result of the plaintiff's neglect. Thus, while we disagree with the district court's formulation that a dispositive degree of prejudice to the defendant is "assumed" when statute of limitations would bar the re-filed action, we leave to the district courts to decide on the facts of

each case how to weigh the prejudice to the defendant that arises from the necessity of defending an action after both the original service period and the statute of limitations have passed before service.

*Zapata*, 502 F.3d at 198.

In reviewing these factors, the Court finds that dismissal here will bar MacMillan's action due to the Title VII statute of limitations; that no evidence presented on this motion shows Wegmans tried to conceal the defect in service; that Wegmans received actual notice of the claims approximately three days after MacMillan's counsel mailed the request for waiver on May 2, 2014, *see* Fed. R. Civ. P. 6(d) (adding three days for service by mail); and that Wegmans would be forced to defend a time-barred action if the Court were to grant an extension for late service.

In reference to MacMillan's counsel's medical leave, the New York Rules of Professional Conduct at 22 N.Y.C.R.R. 1200.0, require that a lawyer to "act with reasonable diligence and promptness in representing a client," and that a "lawyer shall not neglect a legal matter entrusted to the lawyer." Rule 1.3(a) & (b). The commentary issued by the New York State Bar Association to Rule 1.3, notes that,

> Perhaps no professional shortcoming is more widely resented than procrastination. A client's interests often can be adversely affected by the passage of time or the change of conditions; in extreme instances, as when a lawyer overlooks a statute of limitations, the client's legal position may be destroyed. Even when the client's interests are not affected in substance, unreasonable delay can cause a client needless anxiety and undermine confidence in the lawyer's trustworthiness. A lawyer's duty to act with reasonable promptness, however, does not preclude the lawyer from agreeing to a reasonable request for a postponement that will not prejudice the lawyer's client.

Comment 3. It was incumbent upon MacMillan's attorney to ensure that arrangements were in place to either continue representation in her absence, or seek continuances. It appears that Macmillan's counsel did neither. To ask the Court to exercise its discretion

to excuse the failures here is tantamount to the creation of a medical exception to the Rules of Professional Responsibility. However, the rules anticipated such a situation as presented here, and in the fifth comment to Rule 1.3 note: "To avoid possible prejudice to client interests, a sole practitioner is well advised to prepare a plan that designates another competent lawyer to review client files, notify each client of the lawyer's death or disability, and determine whether there is a need for immediate protective action." Comment 5. Although MacMillan's counsel states that she "made arrangements with [her] office assistant and another attorney with whom [she] shared space to assist [her] with cases," Feinberg Decl. ¶ 8, she does not specify why this obvious oversight went uncaught for so long.

Second, although not raised by counsel, the Court has considered *sua sponte* whether any of the periods of time between filing of the complaint and issuance of the summons could be tolled. Case law supports tolling the 120-day period during the time a litigant's *in forma pauperis* application is under consideration, at least where the application is granted. *Gonzalez v. L'Oreal USA, Inc.*, 489 F. Supp. 2d 181, 184 (N.D.N.Y. 2007). Here, even if the Court did toll the 120-day period, notwithstanding MacMillian's unsuccessful *in forma pauperis* application, it would make little difference to the outcome, removing only 14 days from the 234 days it took to effect personal service in this case. Further, were the Court to also toll the period of time from the payment of the filing fee on January 21, 2014,  until the issuance of the summons on February 14, 2014, a total of 24 days, it would result in a reduction from 234 days to 196 days, still 76 days over the 120-day time for service. If a total of 38 days could be tolled form the 120-day clock, service would have been due on May 16, 2014. Wegmans' first notice of the law-

7

suit occurred when MacMillan's counsel mailed a request for waiver of service on May 2, 2014. However, counsel fails to offer any reasonable explanation for not effecting service, or requesting an extension, when she knew that she was skirting on the edge of the 120-day period. Even acknowledging her clearly erroneous impression that the 120-day period only began to run when the summons were issued, that is on February 14, 2014, she would have known that service was due by June 14, 2014, and that giving Wegmans 30 days from May 2, 2014, to waive service, meant she had to effect service almost immediately upon Wegmans' failure to respond to the waiver request. Instead, she waited until the end of July to investigate whether service should be made.

Topping off the questions raised by counsel's arguments discussed above, is her declaration during oral argument that MacMillan came to her in September, 2013. However, his complaint, which was presented on a *pro se* form the Court uses for unrepresented litigants, and which was dated December 2, 2013, was not filed until December 9, 2013.[1] Further, though counsel should have known that her time for service was running from December, she waited for 29 days after the Court's denial of the *in forma pauperis* application to pay the filing fee. Had counsel read the clear language of Rule 4(m), she would have considered that as of the filing fee payment date, 43 days of the 120 had already elapsed. Though the Court concurs that no service could have been effected without issuance of the summons, MacMillan's counsel neglects to explain why

---

[1] Discussed at oral argument is whether MacMillan's lawsuit was timely as measured by the statute of limitations for a Title VII action. 42 U.S.C.A. § 2000e-5(f)(1). The right to sue letter is dated September 4, 2013, and in his complaint, MacMillan states he received it on September 10, 2013, making Monday, December 9, 2013, the last day of the limitations period. If discovery revealed that the receipt date was not September 10, but earlier, Wegmans' counsel suggested that it would have raised this defense in its answer. *See Payan v. Aramark Management Services Ltd. Partnership*, 495 F.3d 1119, 1124–255 (9th Cir. 2007) ("Most courts, including the Supreme Court, have presumed a receipt date of three days after EEOC letter issuance.").

she, knowing that her baby's original due date was the end of March 2014, and that her client's complaint would need to be served, did nothing to obtain a summons from the Clerk, or request an extension of time once she was placed on bed rest, then hospitalized in mid-Feburary. Counsel's opposition to Wegmans' motion raises as many questions as it answers, and, in the Court's opinion, does not present a persuasive reason to exercise its discretion and extend the time for service by 114[2] days beyond the period provided for in Rule 4(m).

## CONCLUSION

For the reasons stated above, the Court grants Wegmans' application, ECF No. 9, to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) and Rule 4(m).

IT IS SO ORDERED.

Dated:   October 28, 2014
      Rochester, New York      /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge

---

[2] If tolling of the 14 days the *in forma pauperis* application was under consideration, and 24 days between the payment of the fee and issuance of the summons is taken into account, then the July 31, 2014, service on Wegmans took place on day 196, which would be 76 days beyond the 120 permitted by Rule 4(m). If no tolling is allowed, then the service took place on day 234, which is 114 days beyond the Rule 4(m) period.